# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                                        **Case No. 01-CR-163**

**STEVEN DORNER**
        **Defendant.**

## DECISION AND ORDER

Before me is defendant Steven Dorner's request for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). I deny the request.

## I. BACKGROUND

In December of 2001, I sentenced defendant to 60 months in prison followed by five years of supervised release on his guilty plea to distributing child pornography. He was released from prison to supervision in March 2006, with supervision set to expire in March 2011. Defendant's conditions of release include restrictions on his computer usage, including requirements that he provide all passwords and logons, that he access a computer only after obtaining the consent of the probation officer, and that he permit examination of computer equipment.

On January 14, 2010, defendant filed a letter request seeking early termination. In his letter, he indicates that the restrictions on his computer usage have interfered with his ability to find employment. He states that the supervising probation officers have refused to approve employment involving computer use unless there was a means of monitoring his internet use and e-mail. He further states that some prospective employers found the computer restrictions

too much of a hassle to employ him.

Defendant indicates that in the spring of 2008 he sought permission to take classes at Northeast Wisconsin Technical College ("NWTC"). The probation officer stated that she would approve if the school had a means of monitoring his computer use. Defendant indicates it is his understanding that IT people at NWTC advised the officer that they could do so, and he obtained financial aid and enrolled full-time in the fall of 2008. Defendant indicates that he provided the probation officer with his school-issued user ID, password and e-mail address.

Defendant states that during his second semester, the probation officer advised him that she had received information from the IT people that he was using MySpace and Face Book, both of which would require a user name and password. After speaking to people at the school, defendant came to believe that other students' use of these sites may be getting attached to his profile. Defendant indicates that his probation officer met with the school's IT people (but not the specific individuals he suggested), and that in late March or early April the officer and her supervisor met with him and stated that the information from the IT department did not match what defendant put in his web log, and again questioned him about his user names and passwords. Defendant indicated that he had been truthful and offered to take a polygraph, which was conducted on April 15, 2009. The examiner indicated that defendant failed the test. Defendant contends that the examiner skewed the results.[1]

Defendant indicates that he took a class in the summer of 2009 without incident. However, part way through the fall 2009 semester, his probation officer again indicated that she

---

[1] He also indicates that his probation officer refused to conduct a test which he believes may support his theory as to why log-ons to MySpace and Face Book appear. In his reply, he contends that the information from the NWTC IT department must be false.

2

was receiving information from the NWTC IT department different from the web logs defendant provided her. Defendant states that he believes the discrepancy resulted from an occasion when he opened a "flash drive" left plugged into a computer by another student. He states that his probation officer also asked for information on the spring 2010 semester.

On January 11, 2010, shortly before the semester was to begin, defendant met with his probation officer, who stated that he would not be allowed to take classes. She stated that she had provided permission only because the school could monitor his internet use, and that if the information received could not be relied on it was as if there was no monitoring. Defendant then decided to seek early termination. He indicates that he had already received financial aid for this semester at the time of the officer's decision; he also indicates that if he is not enrolled in school he will have to begin re-paying previous loans. Finally, he indicates that he has seen a counselor twice per month and has never missed an appointment or failed a drug test.

## II. DISCUSSION

### A. Applicable Legal Standard

Section 3583(e)(1) provides that the district court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Thus, the court may terminate a defendant's supervised release if (1) he has served at least one year; (2) considering the pertinent sentencing factors in 18 U.S.C. § 3553(a),[2] as well as

---

[2]Those factors include the nature and circumstances of the offense, and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other

3

the defendant's conduct, termination is in the interest of justice; and (3) the government is given notice and an opportunity to be heard. See United States v. Medina, 17 F. Supp. 2d 245, 245 (S.D.N.Y. 1998).[3]

The conduct of the defendant necessary to justify early termination must include more than simply following the rules of supervision. Otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, termination is generally granted only in cases involving new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. Kay, No. 05-231, 2007 WL 4355419, at *1 (E.D. Pa. Dec. 10, 2007); Medina, 17 F. Supp. 2d at 246-47; see also United States v. Caruso, 241 F. Supp. 2d 466, 468-69 (D.N.J. 2003) (stating that early termination of probation is not warranted based on "mere compliance with the terms of probation" but rather "only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior").

**B.    Analysis**

Defendant has served more than one year of supervision, making him eligible for termination, and the government has been afforded an opportunity to respond. However, on review of the pertinent § 3553(a) factors and defendant's conduct, I cannot conclude that termination would be in the interest of justice.

---

correctional treatment in the most effective manner; the sentencing guidelines and any pertinent policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

[3]The court need not hold a hearing before denying a request for early termination. See, e.g., United States v. Reagan, 162 Fed. Appx. 912, 913 (11th Cir. 2006) (citing United States v. Nonahal, 338 F.3d 668, 671 (7th Cir. 2003)).

4

First, the nature of the offense and the history of the defendant suggest that continued supervision is warranted. The offense of conviction – distribution of child pornography – is very serious, and defendant's record includes previous convictions for sex-related offenses – fourth degree sexual assault in 1980 and second degree sexual assault of a child in 1993.

Second, continued supervision is needed to protect the public and deter. As the government notes, given his refusal to fully accept responsibility for all of his past behavior and his apparently limited progress in treatment, defendant poses some risk of re-offending.[4] The government also notes that the probation officer recently discovered in defendant's possession photos of young male wrestlers.[5]

Third, continued supervision is warranted to ensure that correctional needs are addressed. Although defendant in the instant request denies that further counseling is necessary, his sex offender treatment counselor appears to disagree. I accept that termination may improve defendant's ability to further his education and find a job, but these prospects cannot overcome the concerns noted above.

Finally, defendant's performance on release does not warrant early termination. Defendant contends that he has provided all computer information requested and otherwise complied with his conditions, but I need not make any specific findings on any alleged violations at this point; it is sufficient to note that defendant has not demonstrated exceptionally good behavior or any other exceptional circumstances sufficient to overcome the need for

---

[4]In his reply, defendant accepts responsibility for the 1980 conviction but not the 1993 case.

[5]The victims in defendant's previous sexual assault cases were wrestlers defendant coached. (PSR ¶ 39.) In his reply, defendant discusses his history in wrestling and says he possessed this material because he was considering compiling a wrestling statistics book.

5

continued supervision under § 3553(a).

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's request for early termination is **DENIED**. I will, consistent with the general order regarding the assignment of cases in this district, order that this matter be re-assigned to Judge William Griesbach for all further proceedings. Any further issues, including requests to modify specific conditions, can more appropriately be addressed in the Green Bay division of the court.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

6